IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-09-604 |
| | § | |
| WILLIAM LEROY FERGUSON | § | (Civil Action No. H-12-0403) |

## MEMORANDUM AND ORDER

This case is before the Court on Defendant William Leroy Ferguson's motion
to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Doc. # 91].  The
United States filed a Response [Doc. # 94], and Ferguson filed a Reply [Doc. # 97].
The Court has carefully reviewed all pertinent matters in this criminal case.  Based on
this review, the Court's clear recollection of the relevant proceedings, and the
application of governing legal authorities, Ferguson's pending motion is denied and
the corresponding civil action (H-12-0403) is dismissed for reasons set forth below.

## I.     BACKGROUND

A federal grand jury in this district returned an indictment against Ferguson
charging him with one count of transportation of child pornography and one count of
possession of child pornography.  On January 4, 2010, Ferguson entered a plea of

guilty pursuant to a written plea agreement to one count of transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1).

Prior to sentencing, the Court considered the Presentence Report ("PSR") prepared by the probation office and all other matters of record. The Court, in the exercise of its discretion, sentenced Ferguson to serve 109 months in the custody of the Bureau of Prisons. The United States Court of Appeals, finding that there were no nonfrivolous issues for appeal, dismissed Ferguson's appeal on February 15, 2011. *See* Docket Entry # 90.

Ferguson has filed a motion for relief from his conviction and sentence under 28 U.S.C. § 2255 [Doc. # 91]. Ferguson claims that he received ineffective assistance from retained counsel, who had been suspended by the state bar, when he failed to file a motion to withdraw Ferguson's guilty plea and advised "acceptance of a guilty plea." Ferguson argues that his retained replacement counsel was ineffective for failing to request a downward variance at sentencing, and that the Federal Public Defender, appointed for purposes of appeal, was ineffective for failing to bring "potentially meritoreous [*sic*] issues to the attention of the Court of Appeals." After considering the entire record, the Court concludes that Ferguson's motion must be dismissed in accordance with the waiver of collateral review contained in the Plea Agreement.

II.     **DISCUSSION**

A.     **Standard for Enforcing Waiver of Right to Collateral Review**

A criminal defendant may waive the right to appeal and collateral review, so long as the waiver is knowing and voluntary.  *See United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002); *see also United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005) (waiver of right to appeal).  An "informed and voluntary waiver of the right to file a 28 U.S.C. § 2255 motion will be enforced."  *White*, 307 F.3d at 341 (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)).  A waiver is enforced against an ineffective assistance of counsel claim unless the claimed ineffective assistance directly affected the validity of the waiver or of the plea itself.  *Id.* at 343.  If, however, the plea and waiver were knowing and voluntary, and the waiver clearly covers § 2255 motions, the waiver can be enforced.  *Id.* at 343-44.

B.     **Plea Agreement**

The pending motion must be dismissed because, pursuant to the written plea agreement in this case, Ferguson expressly waived the right to challenge his conviction and sentence collaterally under 28 U.S.C. § 2255 [Doc. # 24, Plea Agreement, at ¶ 8].  The waiver refers specifically to relief under § 2255 and states unequivocally that Ferguson waives his right to seek § 2255 relief.  The Plea Agreement is signed by Ferguson, and was discussed with him at the time of his

rearraignment.  The Plea Agreement includes an acknowledgment that Ferguson is pleading guilty freely and voluntarily and because he is guilty.  *See id.*, ¶ 18.  The Plea Agreement contains an Addendum, signed by Ferguson, stating that he has "read and carefully reviewed every part of this plea agreement," understands it, and "voluntarily agree[s] to its terms."  *See id.* at 12.  It is well settled that an informed and voluntary waiver of post-conviction relief under 28 U.S.C. § 2255 "is effective to bar such relief."  *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

### C.   <u>Rearraignment Proceeding</u>

The transcript of Ferguson's guilty plea confirms that he understood the charge against him, understood that he was entering a plea of guilty to the transportation of child pornography charge, and understood that he was waiving his right to collateral review.  At the beginning of the plea proceeding, Ferguson was placed under oath and advised that he needed to tell "the whole truth."  *See* Rearraignment Transcript [Doc. # 70], p. 3.  The Court instructed Ferguson to ask any questions and to let the Court know if he was "confused in any way" and Ferguson stated that he understood.  *See id.* at 4.  Ferguson responded that he understood that his lawyer was available to answer any questions or to talk with him at any time he wanted.  Indeed, the Court encouraged Ferguson to talk with his lawyer and ask him any questions, and Ferguson stated that he would do so.  *See id.* at 13.

Ferguson told the Court under oath that he had read the Indictment.  *See id.* at 5. Ferguson understood the charge against him and told the Court that he was charged with bringing child pornography into the United States.  *Id.*  Ferguson stated under oath that he was satisfied with his lawyer.  *See id.* at 13.  The Court found that Ferguson was seeking to enter a guilty plea "knowingly, voluntarily, intelligently, and with the advice of his lawyer."  *Id.* at 14.

The Court then explained to Ferguson the rights he would give up if he entered a plea of guilty.  The Court advised Ferguson that he would give up the right to challenge non-jurisdictional defects in the prosecution and would not be able to complain about them if he pled guilty.  *See id.* at 19.

The Court carefully and clearly explained the transportation of child pornography charge.  *See id.* at 21.  Ferguson stated under oath again that he had read the Plea Agreement.  *See id.*

The Court explained to Ferguson the sentencing procedure and the maximum punishment, including imprisonment, fine, supervised release, and special assessment. *See id.* at 28-29.  Ferguson stated to the Court under oath that he understood.  *See id.* at 29.

Ferguson again told the Court under oath that he had read the Plea Agreement and had discussed it "term by term" with his lawyer.  *See id.* at 30-31.  The Court

explained to Ferguson that the Plea Agreement was a written contract.  *See id.* at 31.

The prosecutor described the terms of the Plea Agreement.  *Id.* at 31-32.  The Court

explained to Ferguson that he was waiving his right of collateral attack.  *See id.* at 37.

The Court advised Ferguson that there could be no motions to vacate, no collateral

attacks, no 2255s, no habeases.  *See id.* at 37.  Ferguson told the Court under oath that

he understood.  *Id.* at 38.

After fully explaining to Ferguson the charges against him, the factual proffer,

the Plea Agreement including the waiver of collateral review, and the rights Ferguson

would give up if he entered a plea of guilty, the Court asked Ferguson how he pled to

"Count One in the indictment, transportation of child pornography," and Ferguson

answered "guilty."  *Id.* at 40.  Ferguson told the Court under oath that everything he

said during the plea proceeding had been "completely true," that he understood the

Court's explanations, and that he had no questions.  *See id.* at 41.  Ferguson told the

Court under oath that he was pleading guilty freely and voluntarily, and because he

was guilty of the crime charged.  *See id.*  Ferguson then signed the Plea Agreement

in the Court's presence.  *See id.* at 42.

The Court found that the plea was supported by facts establishing all the

elements of the charge, and that Ferguson intended to do the acts that he committed.

*See id.*  The Court found that Ferguson's "plea of guilty is voluntarily, freely, and

knowingly made" and that Ferguson understood the consequences of his guilty plea. *See id.* at 42-43. The Court found that the plea was an informed one and accepted Ferguson's plea of guilty. *See id.* at 43.

Ferguson's sworn statements made in open court, particularly during a plea colloquy, are entitled to a strong presumption of truthfulness. *See United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). Those statements establish clearly that Ferguson's plea was knowing and voluntary and that he understood fully that he was waiving his right to seek collateral relief under § 2255.

### D.   Conclusion Regarding Waiver of Right to Collateral Review

The Court has reviewed Ferguson's pleadings and finds no allegation that the waiver of collateral review itself was tainted by any alleged ineffective assistance of counsel. Ferguson does not allege that he is innocent of the transportation of child pornography charge but, instead, argues that the evidence against him should have been suppressed. The Court found at the time of the rearraignment that Ferguson's guilty plea was knowing and voluntary, that he had counsel available prior to entering the plea, and that he understood the rights he was waiving by pleading guilty pursuant to the written plea agreement. Ferguson does not allege facts in the current § 2255 Motion that cast doubt on the validity of the Plea Agreement, of the guilty plea itself, or of the waiver of collateral review. Having reviewed the full record and with a clear

recollection of the relevant proceedings, the Court finds without any doubt that the guilty plea and the included waiver of the right to collateral attack were knowing and voluntary.  The Court concludes, therefore, that Ferguson's claims are foreclosed by the waiver in the written Plea Agreement.

## III.   CERTIFICATE OF APPEALABILITY

The defendant's post-judgment motion for relief from his conviction and sentence is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253.  Therefore, a certificate of appealability is required before an appeal may proceed.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the movant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a movant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, a movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the movant must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The Court concludes that jurists of reason would not debate whether Ferguson knowingly and voluntarily waived his right to pursue collateral relief from his conviction and sentence.  Accordingly, a certificate of appealability will not issue.

## IV.    CONCLUSION AND ORDER

For all of the foregoing reasons, it is hereby **ORDERED** that Ferguson's motion for relief under 28 U.S.C. § 2255 [Doc. # 91] is **DENIED** and the corresponding civil action H-12-0403 is **DISMISSED** with prejudice.  It is further

**ORDERED** that a certificate of appealability is **DENIED**.

The Clerk's Office will provide a copy of this order to the parties and will file a copy of this order in Civil Action No. H-12-0403.

SIGNED at Houston, Texas, this 18th day of **June, 2012**.

Nancy F. Atlas
United States District Judge